**Retta CARTER, Plaintiff,**

v.

**MOOG AUTOMOTIVE, INC.,
Defendant.**

No. 86–1573 C (4).

United States District Court,
E.D. Missouri, E.D.

March 17, 1989.

Doris G. Black, St. Louis, Mo., for plaintiff.

Robert W. Stewart of McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

## MEMORANDUM

DAVID D. NOCE, United States Magistrate.

This cause is before the Court upon the motions of defendant Moog Automotive, Inc., to dismiss plaintiff's complaint and for a preclusion order or, alternatively, an order in limine. The parties consented to the exercise of jurisdiction by a United States Magistrate. 28 U.S.C. § 636(c).

On August 1, 1986, plaintiff Retta Carter filed the instant action against her former employer, Moog Automotive, Inc. In five counts, plaintiff alleges that defendant (1) denied her a promotion on account of her race (Counts I and IV); (2) denied her a promotion in retaliation for her previously filing a racial discrimination complaint with the Equal Employment Opportunity Com-

mission (EEOC) (Count II); (3) gave her a poor performance evaluation in retaliation for her filing the EEOC complaint (Count III); and (4) gave her a poor performance evaluation because of her race (Count V). Counts I, II, and III are timely brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Counts IV and V are brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981.

On October 18, 1988, this cause was set for a jury trial on February 27, 1989. On February 23, 1989, after discussion with counsel for the parties herein, this cause was reset for trial on March 20, 1989.

On February 8, 1988, defendant filed a motion for dismissal of plaintiff's complaint or, alternatively, for a preclusion order. Defendant argues that plaintiff failed to completely answer in a timely manner its second set of interrogatories despite a court order to do so. In defendant's second set of interrogatories, plaintiff was asked to specify the knowledge that certain witnesses, listed by plaintiff in her June 10, 1988 pretrial submission, possessed as said witnesses had not previously been disclosed during discovery. Defendant contends that plaintiff's belated compliance with its interrogatories nullifies any opportunity on its part to fully prepare an adequate defense. Therefore, defendant seeks dismissal of this cause or, alternatively, an order precluding plaintiff from utilizing at trial the testimony of these witnesses.

On February 23, 1989, defendant filed another motion requesting this Court to preclude plaintiff from calling 20 named witnesses at trial. Therein, defendant argues that plaintiff (1) has refused to answer all interrogatories submitted to her or to supplement those answers to interrogatories she has provided, thus failing until this late date to disclose fact witnesses known to her; (2) did not comply with Local Rule 13(A) by failing to submit her list of witnesses at least ten days prior to the date set for trial; and (3) has not disclosed the identity of expert witnesses whom she intends to call at trial. Further, defendant argues that plaintiff should be precluded from utilizing 32 designated ex-

hibits at trial because plaintiff allegedly failed to (1) comply with this Court's order compelling production of certain documents and (2) plaintiff's list of supplemental exhibits was filed in an untimely manner.

Plaintiff has failed to respond to either motion of defendant. The following is a short recitation of chronology of discovery in this cause:

1. On April 7, 1987, defendant served upon plaintiff a set of interrogatories in this action. Plaintiff failed to answer said interrogatories within the applicable time limits.

2. On May 29, 1987, defendant filed a motion to compel answers to its interrogatories which this Court granted on June 25, 1987.

3. On July 15, 1987, plaintiff responded to this Court's order compelling discovery by:

(a) naming only ten persons, including herself, who had knowledge of the defendant's alleged discrimination against plaintiff (Pl's answer to Interrogatory No. 1);

(b) stating that no expert witnesses had yet been selected to be called at trial (Pl's answer to Interrogatory No. 8); and

(c) stating that two other individuals might also have knowledge of alleged discriminatory events (Pl's answer to Interrogatory No. 11(c).)

4. Plaintiff has not supplemented the above answers to interrogatories as required by Fed.R.Civ.Pro. 26(e).

5. On January 22, 1988, the Court granted defendant's motion to compel a physical and mental examination of plaintiff.

6. On January 22, 1988, defendant's motion to compel the production of documents, filed December 11, 1987, was granted by the Court.

7. On May 11, 1988, defendant moved to impose sanctions on plaintiff for failure to cooperate in discovery or, alternatively, to compel the production of documents. On May 26, 1989, the Court denied defendant's motion as moot in view of plaintiff's production of documents in contention.

8. On June 10, 1988, plaintiff filed her list of witnesses, which included six persons in addition to the persons named in her answer to Interrogatory No. 1.

9. On June 14, 1988, defendant filed a motion for a preclusion order or, alternatively, for an order in limine prior to the then trial setting of June 20, 1988. Defendant's motion raised similar issues as raised in the instant motion. This motion was denied on December 7, 1988.

10. On November 10, 1988, defendant served its second set of interrogatories upon plaintiff seeking to ascertain the knowledge of the six additional witnesses noted above.

11. On December 13, 1988, plaintiff responded to defendant's second set of interrogatories in an inadequate manner. On January 10, 1989, defendant filed a motion to compel answers to its interrogatories which this Court sustained on January 26, 1989. Plaintiff was ordered to fully answer said interrogatories by February 5, 1989.

12. Plaintiff has failed to date to comply with this Court's order of January 26, 1989.

13. Trial was set to commence for this action on February 27, 1989. Therefore, any supplemental pre-trial materials were due by February 17, 1989. On February 17, 1989, plaintiff filed her supplemental witness and exhibit lists.

14. Plaintiff's supplemental list of witnesses includes 20 witnesses not previously identified during the discovery stage. Plaintiff's supplemental list of exhibits identifies an additional 32 exhibits which allegedly were not submitted to defendant in violation of Local Rule 13(A).

■ The discretion granted this Court in handling discovery disputes is very broad. *See, Lear v. Equitable Life Assurance Society,* 798 F.2d 1128, 1135 (8th Cir. 1986), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 953, 93 L.Ed.2d 1001 (1987). Amendments to interrogatory answers are mandated by the Federal Rules of Civil Procedure and are to be made seasonably. *Havenfield Corporation v. H & R Block, Inc.,* 509 F.2d 1263, 1272 (8th Cir.), *cert. denied,* 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975). Information that should have been conveyed to an opposing party by means of supplemental answers to interrogatories that are withheld until a later date, which prejudice the opposing party, may be denied admission into evidence at trial. *Id.* Finally, non-compliance with a court's order regarding discovery and pretrial compliance can be sanctioned by a preclusion order or, in an appropriate case, dismissal of the action. Fed.R.Civ.Pro. 37(b)(2)(B); *Cross v. General Motors Corp.,* 721 F.2d 1152, 1155–56 (8th Cir.1983), *cert. denied,* 466 U.S. 980, 104 S.Ct. 2364, 80 L.Ed.2d 836 (1984); *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208, 1212–13 (8th Cir.), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981).

■ In the instant matter, plaintiff has repeatedly failed to comply with the legitimate discovery efforts of defendant, follow the orders of this Court, or fulfill her duties to supplement discovery responses under the Rules. Therefore, defendant's February 23, 1989 motion for a preclusion order will be granted. Plaintiff shall be prohibited from calling as a fact witness any person not listed in her July 13, 1987 response to defendant's interrogatories. Further, plaintiff shall not be permitted to call any expert as a witness. Finally, plaintiff is precluded from utilizing her exhibits 21 through 52 at trial. Defendant's February 8, 1989 motion for dismissal or, alternatively, a preclusion order will also be granted, but only insofar as to preclude plaintiff from calling as witnesses any of the persons named in her June 10, 1988 list of witnesses that were not also listed in her July 13, 1987 response to defendant's interrogatories. Plaintiff shall also pay defendant's attorney's fees and costs incurred in the presentation of these two motions.

An appropriate Order will issue.